J-A20031-14

2014 PA Super 239

| MELVIN STEIN, | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| GREGORY T. MAGARITY AND LAW | : | |
| OFFICES OF GREGORY T. MAGARITY, | : | |
| ESQUIRE, a Professional Corporation, | : | |
| | : | |
| Appellees | : | No. 3054 EDA 2013 |

Appeal from the Order entered on September 27, 2013
in the Court of Common Pleas of Philadelphia County,
Civil Division, No. 04293 JULY TERM 2008

BEFORE: FORD ELLIOTT, P.J.E., MUNDY and MUSMANNO, JJ.

OPINION BY MUSMANNO, J.:                    **FILED OCTOBER 22, 2014**

Melvin Stein ("Stein") appeals from the Order entering summary judgment against him, and in favor of Gregory T. Magarity and the Law Offices of Gregory T. Magarity, Esquire, a Professional Corporation (collectively, "Magarity"). We affirm in part, and reverse and remand in part.

In its Opinion, the trial court set forth the history underlying the instant appeal as follows:

> [Stein] was convicted by a federal court of various offenses, including conspiracy to commit money-laundering, and sentenced to ten years in prison in 2006[,] in **United States v. Stein**, 04-cr-269-09 (E.D. Pa.). [The instant state court] action sought to recover attorney's fees [] Stein paid to [] Magarity in the federal trial[,] alleging that [Magarity] breached the attorney-client agreement. [] Magarity filed cross-claims against [] Stein to recover unpaid remaining attorney's fees in the

amount of $165,000. On August 4, 2010, [the trial court] granted [] Magarity's Motion for Summary Judgment, dismissing all of [] Stein's claims without prejudice and noting that [] Stein might institute an action in negligence against [] Magarity once post-trial challenges in the underlying federal case were completed.

*     *     *

[] Stein appealed this decision[,] but the appeal was quashed on April 6, 2011. [] Magarity's cross-claims against [] Stein were the only remaining claims…. On May 25, 2012, the United States District Court for the Eastern District of Pennsylvania granted relief[,] finding that [] Magarity did not fully explain the October 2005 plea bargain offered to [] Stein during the first trial[,] and vacated [] Stein's previous sentence of 121 months and imposed a new sentence of 87 months. **United States v. Stein**, 04-cr-269-09 (E.D. Pa. May 25, 2012) ([O]rder vacating and resentencing) (McLaughlin, J.).

Once this case was reactivated, [] Stein filed two motions on the same day: (1) a Motion for Reconsideration of [the trial court's] Order in light of the federal court's finding of ineffective assistance of counsel; and (2) a Motion to Amend the Complaint, which sought to add tort claims.

[The trial court] denied the Motion for Reconsideration pursuant to [the] coordinate jurisdiction [rule] on March 8, 2013. On March 11, 2013, referencing [the trial court's] recent denial of reconsideration, [the court] denied the Motion to Amend, as there was no Complaint left to amend. [] Stein later filed a Motion to Amend the Reply to the Counterclaim by Adding New Matter. [The trial court] granted this Motion on August 9, 2013, so [] Stein's reply to [] Magarity's counterclaim was amended to add two arguments: (1) that the federal judgment that [] Magarity provided ineffective assistance of counsel barred the counterclaim; and (2) that because of, among other things, the Supremacy Clause of the United States Constitution, the state court lacked subject-matter jurisdiction over the counterclaim. On September 27, 2013, the remaining counterclaim was disposed of by the parties' agreement to transfer it to binding arbitration.

On October 17, 2013, [] Stein filed a Notice of Appeal….

- 2 -

Trial Court Opinion, 2/10/14, at 2-4.

Stein now presents the following claims for our review:

A. In [] Stein's contract claim under ***Bailey v. Tucker***[, 621 A.2d 108 (Pa. 1993),] seeking a refund of fees from [Magarity] for mishandling plea offers and thus diverting [] Stein's criminal matter toward a needless trial, did the [trial court] err and abuse its discretion by granting summary judgment against [] Stein for a supposed lack of "damages" because he thought it "speculative" that [] Stein would have received a lesser sentence by plea, where (1) the [c]ourt completely ignored *the concrete proof of the only legally permitted damages—fees paid for an expensive trial that should have been avoided*, and (2) where the [c]ourt also completely ignored substantial expert and other evidence showing that [] Stein would have indeed [] received a much lower prison sentence, if any, by standard operation of the U.S. Sentencing Guidelines?

B. Even if [the Superior] Court were[,] *arguendo*[,] to uphold [the trial court's] August 4, 2010 summary judgment Order dismissing [] Stein's ***Bailey*** contract claim, did the [trial court] separately err and abuse its discretion by using the "coordinate jurisdiction" rule to refuse any reconsideration of the summary judgment Order, where a new federal judgment not only established [] Magarity's ineffectiveness under the Sixth Amendment in mishandling a plea[,] but also refuted [the trial court's] errant assumption that any reduced sentence was speculation; where the summary judgment Order[,] *by its own terms*[,] was expressly qualified as "without prejudice" in anticipation of a future federal judgment; and where substantial additional evidence emanating from the federal proceeding further supported all the elements of [] Stein's ***Bailey*** contract claim?

C. Whether the preemptive denial of any right to even plead a ***Bailey*** tort claim constitutes an error of law and abuse of discretion under the liberal standard for allowing amendments in Pennsylvania law, the two-claim system set forth in ***Bailey***, the provisions in the summary judgment Order already allowing [] Stein conditionally to present that claim once the federal court ruled, the [trial c]ourt's disregard for and

- 3 -

discrimination against [] Stein's fundamental rights under the Sixth and Fourteenth Amendments, and the refusal to give due regard to the new federal judgment?

Brief for Appellant at 4-5 (emphasis in original).

Initially, we are cognizant of our scope and standard of review:

Our scope of review of an order granting summary judgment is plenary. [W]e apply the same standard as the trial court, reviewing all the evidence of record to determine whether there exists a genuine issue of material fact. We view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered.

Motions for summary judgment necessarily and directly implicate the plaintiff's proof of the elements of his cause of action. ... Thus, a record that supports summary judgment will either (1) show the material facts are undisputed or (2) contain insufficient evidence of facts to make out a *prima facie* cause of action or defense and, therefore, there is no issue to be submitted to the [fact-finder]. Upon appellate review, we are not bound by the trial court's conclusions of law, but may reach our own conclusions. The appellate Court may disturb the trial court's order only upon an error of law or an abuse of discretion.

*DeArmitt v. New York Life Ins. Co.*, 73 A.3d 578, 585-86 (Pa. Super. 2013) (citations and quotation marks omitted).

Stein first claims that the trial court improperly entered summary judgment against him as to his breach of contract cause of action against Magarity. Brief for Appellant at 27. Specifically, Stein challenges the trial court's conclusion that Stein's contract claim was "speculative" as to

- 4 -

damages. *Id.* at 29. According to Stein, the trial court improperly

disregarded the report of his expert:

> [The trial court] disregarded the concrete economic damages in the form of a right to refund for fees paid unnecessarily due to [] Magarity's mishandling of plea offers that would have avoided an expensive trial; and it gravely misapprehended the evidence showing the true and reliable operation of federal sentencing procedures and remedies….

*Id.* Stein argues that the trial court erred by failing to give the benefit of all

reasonable doubts and inferences to him, as the non-moving party. *Id.*

Generally, a breach of contract cause of action requires a plaintiff to

establish

> (1) the existence of a contract, (2) a breach of a duty imposed by the contract, and (3) damages. *Zokaites Contr., Inc. v. Trant Corp.*, 2009 PA Super 35, 968 A.2d 1282, 1287 (Pa. Super. 2009). A claim based on breach of an attorney-client agreement is a contract claim, and the attorney's liability must be assessed under the terms of the contract. *Fiorentino* [*v. Rapoport*], 693 A.2d [208,] 213 [Pa. 1997)]. "[A]n attorney who agrees for a fee to represent a client is by implication agreeing to provide that client with professional services consistent with those expected of the profession at large." *Wachovia Bank, N.A. v. Ferretti*, 2007 PA Super 320, 935 A.2d 565, 571 (Pa. Super. 2007) (citation omitted).

*Kirschner v. K&L Gates, LLP*, 46 A.3d 737, 755 (Pa. Super. 2012).

In the context of a breach of contract claim based upon criminal

representation, our Supreme Court has explained that such claim

> proceeds along the lines of all established contract claims. It does not require a determination by an appellate court of ineffective assistance of counsel, nor does the client need to prove innocence. However, in anticipation of potential problems it is necessary to comment on the aspect of recoverable damages in such an action; quite simply, **such damages will**

- 5 -

**be limited to the amount actually paid for the services plus statutory interest**….

*Bailey*, 621 A.2d at 115 (emphasis added).

Here, the trial court rejected Stein's breach of contract claim, concluding as a matter of law that his claim for damages was impermissibly speculative:

> In the present case, [Stein] argues, had [Magarity] not breached the attorney-client-agreement, [Stein] would be serving a significantly shorter prison sentence. However, after a thorough review of the record, [the trial c]ourt finds no evidence of measureable loss….
>
> \* \* \*
>
> **The record in the instant case does not reflect actual damages because the damages [Stein] argues are speculative.** It is uncertain what [Stein's] sentence would have been if a plea agreement had been accepted and [Stein] continued to cooperate with the government…

Trial Court Opinion, 1/31/11, at 3-4 (emphasis added).

Our review of the record discloses that the February 26, 2004 Representation Agreement ("Representation Agreement"), between Magarity and Stein, stated the following, in relevant part:

> This will confirm our agreement for [Magarity's] representation of [Stein] in the ongoing FBI Grand Jury investigation coordinated by the U.S. Department of Justice, Strike Force. **I will represent and counsel you, for all related purposes, including negotiations re: indictment, plea agreement, hearings, motions, pre-sentence investigation, sentencing guidelines, sentencing hearing, downward departure, forfeiture of assets of money, IRS issues, probation,** *etc*.

At your request, I will take a proactive role in the negotiations with the government prior to indictment. It is my clear intent to do everything possible to get the government to reduce the charges to be indicted.

**In compensation for legal services of me and my firm, you agree to pay an advance retainer of $25,000.00, against which our time and expenses will be charged.** We will send you a monthly or other periodic invoice, including a description of the work, time and expenses on your matter. My time will be charged at my standard hourly rate of $400.00 per hour. Where practical, legal services on your matter will be performed by an associate attorney or paralegal in my firm, at a much lower hourly rate, ranging from $275.00-$125.00 per hour. **If, prior to the completion of your representation, your advance retainer is reduced below $5,000.00, you agree to pay an additional retainer to bring your balance to $25,000.**

It is impossible to predict the total cost to conclusion. Too much depends on factors unknown at the time, such as whether we request a **Kastigar**[1] hearing, or if the government or Probation Office disagrees with certain of our interpretations on sentencing issues, requiring an evidentiary hearing. …

Representation Agreement, 2/26/04, at 1-2 (Defendant's Motion for Summary Judgment, Exhibit H) (emphasis and footnote added).

The Representation Agreement, when construed in favor of Stein as the non-moving party, reflects no anticipation that Stein's criminal matter would result in a trial on the charges. Rather, the Representation Agreement reflects the parties' anticipation of charges incurred as a result of indictment, plea agreement, and sentencing matters.

The expert report filed by Stein's expert, William P. Murphy, Esquire ("Attorney Murphy"), opined that Magarity's representation "deviated from

---

[1] **Kastigar v. United States**, 406 U.S. 441 (1972).

his promises in the Representation Agreement and from the standard of reasonable professional care in regard to preserving for [] Stein the opportunity to enter a guilty plea under a [18 U.S.C.S. Appx.] § 5K1.1 cooperation plea agreement." Expert Report (Attorney Murphy) at 1. As to damages, Attorney Murphy opined, in relevant part, as follows:

> [] Magarity's deviation from objectives in the Representation Agreement foreseeably caused the accrual of attorneys' fees in an amount greater than those which, by reasonable probability, would have accrued had Mr. Stein pled under a § 5K1.1 plea agreement having the terms presented by the government in 2004.
>
> **Duties and contingencies described in the Representation Agreement relate to securing the best possible plea and sentence for Mr. Stein. Neither trial nor appeal is mentioned. Moreover, neither a "sentencing hearing" nor "a *Kastigar* hearing" cited as events that could increase the expense of Mr. Stein's representation, approach the cost of a multi-defendant jury trial.**
>
> Counsel's deviation from the objective of attaining a favorable pre-indictment plea agreement necessarily risked trial with alleged drug traffickers, accruing the professional fees associated with trial. Numerous aspects of trial of Mr. Stein foreseeably increased his expenses over those of a cooperation plea. As just one example, his 32-day conspiracy trial with drug trafficking co-defendants obliged [] Magarity and two colleagues assisting him to appear in court for many days in which no direct evidence against Mr. Stein was heard.
>
> **Moreover, with the rejection of an early cooperation plea agreement, Mr. Stein faced the expenses of attempting to sever his case from that of alleged drug dealers and to limit the evidence a jury could hear about him.** In the latter endeavor[,] which counsel made his priority from the beginning of the representation, counsel was only partially successful.

**Finally, legal fees associated with just the sentencing phase after guilty verdicts generally exceed those expended in reference to an agreed-upon plea. Counsel was obliged to and did challenge both the government and the Probation Office's proposed findings for the [federal c]ourt on various issues, attempting somehow to reduce Mr. Stein's sentencing Guidelines to level 14 or 15. With the government weighing in on Mr. Stein's behalf in a § 5K1.1 motion to depart from the Guidelines, as well as stipulations affecting the Guidelines range itself, substantially lower defense expenses could be predicted with reasonable certainty.**

…

The Representation Agreement specifies the payment of an initial retainer of $25,000, against which [] Magarity would bill time and expenses for himself and colleagues. Further, the agreement states that "[i]f prior to completion of your representation, your advance retainer is reduced below $5,000.00, you agree to pay an additional retainer to bring your balance to $25,000."

- **Based on the language in the Representation Agreement, Mr. Stein could reasonably expect to pay a maximum of $50,000 for [] Magarity's services as described therein; that is, an initial retainer of $25,000 and, if necessary, a single replenishment to bring the balance back to $25,000.**

- **Although the Representation Agreement recites that it is impossible to predict the total cost to conclusion, no other range of numbers than the initial retainer plus a single replenishment appears in the Agreement.** It is fairly read to suggest that [] Magarity could not predict the need to request a *Kastigar* hearing or dispute the government or the Probation Office on sentencing issues and, hence, whether his work would conclude before one replenishment of the initial retainer would be needed.

- **[] Magarity was paid $885,000 in fees from Mr. Stein and billed Mr. Stein an additional $115,000.**

- **By way of counterclaim, [] Magarity demands $180,209.25 in fees and costs plus interest.**

- **The sums paid by [] Stein and now demanded by [] Magarity exceed the fees stated in the Representation Agreement by many times.**

Expert Report (Attorney Murphy) at 7-8 (emphasis added).

The Expert Report of Attorney Murphy, viewed in a light most favorable to Stein as the non-moving party, identified the damages claimed by Stein, with the specificity required pursuant to ***Bailey***. We therefore conclude that the trial court erred as a matter of law in entering summary judgment against Stein, based upon the speculative nature of Stein's damages claim. Accordingly, we reverse the trial court's entry of summary judgment against Stein and in favor of Magarity as to Stein's breach of contract claim.

In so holding we observe that upon conclusion of the federal case, Stein filed a Motion for Reconsideration of the trial court's entry of summary judgment. The trial court denied reconsideration based upon its interpretation of the coordinate jurisdiction rule. We conclude that the trial court erred in denying reconsideration based upon the coordinate jurisdiction rule.

The coordinate jurisdiction rule provides that "judges of coordinate jurisdiction sitting in the same case should not overrule each others'

decisions." ***Keffer v. Bob Nolan's Auto Serv.***, 59 A.3d 621, 639 (Pa. Super. 2012) (citation omitted).

> In deciding whether to apply the coordinate jurisdiction rule, the Court must look to where the rulings occurred in the context of the procedural posture of the case rather than to whether an opinion was issued in support of the initial ruling.
>
> … [A] later motion should not be entertained or granted when a motion of the same kind has previously been denied, **unless intervening changes in the facts or the law clearly warrant a new look at the question.**

***Id.*** (citation omitted) (emphasis added).

The trial court's August 2010 Order was entered prior to the conclusion of Stein's federal case claiming the ineffective assistance of Magarity. The trial court's Order implicitly recognized that the outcome of the federal proceeding could affect its entry of summary judgment against Stein. The trial court's Order stated as follows:

> AND NOW, this 3d day of August, 2010, upon consideration of the Motion for Summary Judgment filed by [Magarity], to [Stein's] Complaint, any opposition thereto, it is hereby **ORDERED** that [Magarity's] Motion is **GRANTED *without prejudice***.
>
> [Stein] may institute an action in negligence against [Magarity] once [Stein's] underlying case is fully litigated.

Trial Court Order, 8/3/10 (emphasis added).

In the federal case, the federal court concluded that Magarity had rendered ineffective assistance to Stein, based upon Magarity's failure to communicate a plea offer. ***United States v. Stein***, 04-cr-269-09 (E.D. Pa. May 25, 2012). The federal court's decision represented a change in the

- 11 -

factual and procedural posture of the proceedings, with a question of fact arising as to whether Magarity had rendered ineffective assistance. Further, the procedural posture had changed, as the trial court's August 3, 2010 Order anticipated reconsideration of its summary judgment Order upon the conclusion of the federal proceedings. As the factual and procedural posture had changed since the entry of the trial court's August 3, 2010 Order, we conclude that the coordinate jurisdiction rule is inapplicable. Accordingly, the trial court erred in denying reconsideration of its August 3, 2010 Order on this basis.

In his next claim, Stein argues that the trial court erred in denying him the right to amend his Complaint to plead a **Bailey** tort claim. Brief for Appellant at 47. Stein contends that he should not be required to be found innocent of the crimes charged in order to assert a negligence claim based upon a violation of his Sixth Amendment right to effective assistance of counsel during plea bargaining. **Id.** at 56.

In **Bailey**, our Supreme Court expressly held that, to establish a cause of action in trespass based upon the malpractice of criminal counsel, the plaintiff must plead and prove, *inter alia*, that

> the attorney's culpable conduct was the proximate cause of an injury suffered by the defendant/plaintiff, *i.e.*, "but for" the attorney's conduct, the defendant/plaintiff would have obtained an acquittal or a complete dismissal of the charges.

**Bailey**, 621 A.2d at 115. Stein's constitutional right to effective criminal counsel, while relevant to Stein's federal criminal case, is not applicable in

the context of Stein's Pennsylvania negligence cause of action. As Stein was not acquitted of the federal charges, the trial court properly denied reconsideration of its entry of summary judgment on as to the negligence cause of action.

Accordingly, we reverse the trial court's entry of summary judgment as to Stein's breach of contract cause of action, and remand for further proceedings. We affirm the trial court's entry of summary judgment as to Stein's negligence cause of action.

Affirmed in part, and reversed and remanded in part, consistent with this Opinion; Superior Court jurisdiction relinquished.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/22/2014