J-A04028-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ROBERT GUENTHER, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| ZAUCHA FAMILY LIMITED PARTNERS, | |
| Appellee | |
| v. | |
| XTREME SNOW REMOVAL, | |
| Appellee | No. 1025 WDA 2014 |

Appeal from the Judgment Entered May 23, 2014
In the Court of Common Pleas of Venango County
Civil Division at No(s): 2012-00172

BEFORE:  BOWES, OLSON AND STRASSBURGER,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED APRIL 1, 2015**

Appellant, Robert Guenther, appeals from the judgment entered on May 23, 2014.  We affirm.

The factual background of this case is as follows.  Zaucha Family Limited Partners ("Zaucha") owns the property in Franklin, Pennsylvania where the relevant events occurred ("the Property").  Zaucha entered into an oral contract with Xtreme Snow Removal and Ice Control ("Xtreme") to remove snow and ice from the Property.  On February 16, 2010, Appellant traveled to Dr. Donald Smith's office, which was located on the Property.  Appellant was visiting Dr. Smith for follow-up care for a back and knee injury

* Retired Senior Judge assigned to the Superior Court

he sustained earlier in the year. The day before the incident in question, Appellant used a cane because he was unsure of walking on his injured knee.

The weather conditions in Franklin on that date were not ideal. The local schools had a two-hour delay because of dangerous road conditions. Appellant's testimony compared weather conditions in Franklin to those in Siberia and his journey to the Property consisted of white-knuckle driving. When Appellant arrived at the Property it was evident that the parking lot had recently been plowed. Nonetheless, the parking lot was once again covered with snow. The Property did not have a sidewalk. Dr. Smith's office was accessible via a ramp leading directly from the parking lot. Appellant exited his vehicle and obtained his cane from the back seat of his car. He proceeded to take baby-steps while steadying himself against his vehicle. Appellant fell on smooth ice shortly after he quit steadying himself with his vehicle. Appellant proceeded to stand up and continued to his appointment with Dr. Smith. Appellant testified that although he did not fall again, the parking lot was slippery over the remainder of his walk to Dr. Smith's office.

The procedural history of this case is as follows. Appellant commenced this action by filing a writ of summons on February 13, 2012. On April 23, 2012, Appellant filed his complaint naming Zaucha as the sole defendant. On October 25, 2012, Zaucha joined Xtreme as an additional defendant. On November 21, 2013, Xtreme filed a motion for summary judgment. On

December 4, 2013, Zaucha filed a motion for summary judgment. On May 23, 2014, the trial court granted Zaucha's and Xtreme's motions for summary judgment. This timely[1] appeal followed.[2]

Appellant presents three issues for our review:

1. Whether the trial court failed to recognize that two viable exceptions to the [h]ills and [r]idges [d]octrine, an isolated ice patch and ice from a non-natural condition, created genuine issues of material fact precluding summary judgment and requiring determination by a fact finder[?]

2. Whether the trial court erred by concluding that [Appellant] assumed the risk of slipping on ice, when this conclusion was contrary to [Appellant]'s unequivocal testimony that he did not see the ice since it was covered by snow and [was based on the] trial court's own factual and credibility determinations about what contributed to the fall[?]

3. Whether the trial court erred by not holding that the defense of assumption of risk was abrogated and abolished entirely, or if not entirely, at least in this case involving multiple [d]efendants, with the passage of the Comparative Negligence Act[?]

Appellant's Brief at 4.[3]

Appellant challenges the trial court's grant of summary judgment. This Court has explained:

Our scope of review of an order granting summary judgment is plenary. We apply the same standard as the trial court,

---

[1] The 30th day of the appeal period fell on Sunday, June 22, 2014. Sunday, June 22 is excluded from the computation of time. *See* 1 Pa.C.S.A. § 1908. Therefore, Appellant's appeal filed on Monday, June 23, 2014, is timely.

[2] Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

[3] We have re-numbered the issues for ease of disposition.

reviewing all the evidence of record to determine whether there exists a genuine issue of material fact. We view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered.

**Stein v. Magarity**, 102 A.3d 1010, 1013 (Pa. Super. 2014) (internal alterations and citation omitted).

"A plaintiff cannot survive summary judgment when mere speculation would be required for the jury to find in plaintiff's favor." **Krauss v. Trane U.S. Inc.**, 104 A.3d 556, 568 (Pa. Super. 2014) (citation omitted); **see InfoSAGE, Inc. v. Mellon Ventures, L.P.**, 896 A.2d 616, 626 (Pa. Super. 2006) (citation omitted) ("It is also well-settled that a court reviewing the propriety of a summary judgment motion must be mindful that a jury may not be permitted to reach its verdict on the basis of speculation or conjecture."); **see also Fitzpatrick v. Natter**, 961 A.2d 1229, 1242 (Pa. 2008) (ellipsis omitted) (The jury "may not be permitted to reach its verdict merely on the basis of speculation or conjecture, but there must be evidence upon which logically its conclusion may be based.").

The hills and ridges

doctrine provides that an owner or occupier of land is not liable for general slippery conditions, for to require that one's walks be always free of ice and snow would be to impose an impossible burden in view of the climatic conditions in this hemisphere. Snow and ice upon a pavement create merely transient danger, and the only duty upon the property owner or tenant is to act within a reasonable time after notice to remove it when it is in a

dangerous condition. In order to recover for a fall on an ice-or snow-covered sidewalk, a plaintiff must prove (1) that snow and ice had accumulated on the sidewalk in ridges or elevations of such size and character as to unreasonably obstruct travel and constitute a danger to pedestrians travelling thereon; (2) that the property owner had notice, either actual or constructive, of the existence of such condition; and (3) that it was the dangerous accumulation of snow and ice which caused the plaintiff to fall.

**Gilligan v. Villanova Univ.**, 584 A.2d 1005, 1007 (Pa. Super. 1991) (citations omitted; paragraph break omitted). There are several exceptions to the hills and ridges doctrine. As relevant to this case, the "doctrine may be applied only in cases where the snow and ice complained of are the result of an entirely natural accumulation, following a recent snowfall. . . . [T]he protection afforded by the doctrine is predicated on the assumption that these formations are natural phenomena incidental to our climate[.]" **Harvey v. Rouse Chamberlin, Ltd.**, 901 A.2d 523, 526 (Pa. Super. 2006) (citations, internal quotations marks, and alterations omitted).

Appellant argues that the hills and ridges doctrine was inapplicable to this case for two reasons. First, Appellant contends that "there was no evidence that the entire parking lot was ice covered or that the there was any sort of community wide ice storm or freezing precipitation falling in the hours or days preceding the fall." Appellant's Brief at 18 (emphasis removed). Appellant's argument is phrased in such a manner as to make it impossible for the hills and ridges doctrine to apply. Under Appellant's construction of the hills and ridges doctrine, the entire parking lot would

have to be covered in ice for the hills and ridges doctrine to apply. The hills and ridges doctrine, however, applies when snow or icy conditions are prevalent in the community.

To that end, Appellant's own testimony indicates that snow and icy conditions were prevalent throughout the community. Specifically, he testified that local school districts had a two-hour delay because of dangerous road conditions. *See* N.T., 10/31/13, at 43-44. He testified that the road conditions were like "Siberia." *Id.* at 39. He also testified that after he fell and continued his walk to Dr. Smith's office, the parking lot was slippery. *Id.* at 56. This was because, despite recent plowing, approximately one and one-half inches of snow had accumulated on the parking lot. *Id.* at 48. Appellant does not cite to any portion of the record to indicate that snow and icy conditions were not generally prevalent in the community. Instead, the only evidence of record, Appellant's deposition testimony, is that the snow and icy conditions were generally prevalent in the area. Accordingly, the trial court correctly held there was no material issue of fact regarding this prong of the hills and ridges doctrine.

Appellant next contends that the unnatural condition exception to the hills and ridges doctrine applies in this case. Specifically, he contends that a pile of plowed snow melted the weekend before the incident. He theorizes that runoff from this snow pile then refroze and caused the icy conditions in the parking lot. Thus, according to Appellant, the icy conditions resulted

from the melting of the unnatural pile of snow caused by snow plowing. There is, however, no evidence of record that supports such a contention. Instead, Appellant's argument is mere speculation, unsupported by the record.

At his deposition, Appellant testified as follows:

And I'm **guessing** that we can I **think** we had sunny days. And I'm **guessing maybe** some snow melted and then that snow melted and then that snow froze that melted. Then that snow on top of it accumulated and that had the ice underneath the snow. That's my only evaluation of why that was slippery there.

* * *

And I'm **guessing** from the melting snow from that pile might have ran down from that.

N.T., 10/31/13, at 54-55 (emphasis added). A speculative qualifier preceded every substantive statement in this portion of Appellant's deposition. Taken as a whole, it is obvious that Appellant's theory was mere speculation. Appellant did not testify that runoff from the snow pile caused the ice. Appellant likewise did not attach any other evidence to his response in opposition to the summary judgment motions which raised a factual issue regarding the unnatural formation of ice. Instead, the only evidence of record supports the conclusion that the ice was a result of a natural occurrence. *See Beck v. Holly Tree Homeowners Ass'n*, 689 F. Supp. 2d 756, 765 (E.D. Pa. 2010), *citing Casey v. Singer*, 93 A.2d 470, 472 (Pa. 1953) ("[T]he melting and refreezing of snow and ice cover is a natural cycle associated with temperature change."). Accordingly, we conclude that the

trial court properly held that the hills and ridges doctrine applied and that Appellant did not present any material issues of fact. Therefore, the trial court properly granted Zaucha and Xtreme summary judgment based on the hills and ridges doctrine.

As we conclude that the trial court properly granted Zaucha and Xtreme summary judgment based on the hills and ridges doctrine, we decline to address Appellant's other two issues raised on appeal.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/1/2015