J-A07011-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| EDWARD C. LECKEY, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| PRESBYTERIAN UNIVERSITY HOSPITAL, AMY HARKE CURTIS AND ROBERT WOLFORD, | |
| Appellees | No. 1038 WDA 2014 |

Appeal from the Order Entered June 2, 2014
In the Court of Common Pleas of Allegheny County
Civil Division at No(s): 13-4944

BEFORE:  BENDER, P.J.E., LAZARUS, J., and MUNDY, J.

MEMORANDUM BY BENDER, P.J.E.:                **FILED APRIL 23, 2015**

Edward C. Leckey (Appellant) appeals from the order entered June 2, 2014, sustaining the preliminary objections of Presbyterian University Hospital, Amy Harke Curtis, and Robert Wolford (collectively, Appellees) and dismissing Appellant's complaint for failure to state a cause of action.  We reverse and remand for further proceedings.

On August 2, 2011, Appellant sustained a head injury when he tripped and fell outside his office.[1]  Appellant was taken to the emergency room at Presbyterian University Hospital.  Hospital personnel bandaged Appellant's

---

[1] In light of the procedural posture of the case, this background is derived solely from the averments in Appellant's complaint.

head and administered a CT scan, which showed no concussion. Following this treatment, Appellant was dressed and ready to return to his office to complete his workday.

At the direction of Amy Harke Curtis, security personnel at the hospital, including Robert Wolford, physically restrained Appellant and refused to permit Appellant to call a cab, thus preventing Appellant from leaving the hospital premises. Thereafter, when Appellant's wife arrived at the hospital, Appellant was permitted to leave.

Appellant commenced this litigation in August 2013, filing a complaint at the magisterial court. Following dismissal of his complaint, Appellant appealed to the court of common pleas.

In December 2013, Appellees filed a notice of their intention to enter a judgment of *non pros* on professional liability claims for failure to file a certificate of merit. Thereafter, in January 2014, Appellant filed a motion to determine the necessity of a certificate of merit. The trial court determined that a certificate of merit was necessary, inferring from Appellant's complaint that Ms. Curtis made a professional decision that Appellant could not leave the hospital. ***See*** Trial Court Memorandum and Order (02/13/2014). In response, Appellant filed a certificate, asserting that expert testimony was unnecessary.

In March 2014, Appellees filed preliminary objections, moving to strike Appellant's complaint for failure to state a claim on which relief may be

granted. Following oral argument, in June 2014, the trial court sustained the preliminary objections and dismissed appellant's complaint with prejudice. *See* Trial Court Memorandum and Order (06/02/2014). Appellant timely appealed. The trial court did not direct compliance with Pa.R.A.P. 1925.

Appellant raises the following issues:

1. Did the [c]ourt [b]elow properly determine that [Appellant] was required to file a [c]ertificate of [m]erit to pursue this action? …

2. Assuming the decision to prevent [Appellant] from leaving the [h]ospital was made by a medical professional, did she have the legal right to make the alleged medical judgment to detain [Appellant] against his will? …

3. Did the [c]ourt [b]elow correctly describe the requirements for a civil claim of false imprisonment? …

4. If, as the [c]ourt [b]elow found, unlawfulness was required for a civil claim of false imprisonment, did [Appellant's] [c]omplaint allege an unlawful detention of [Appellant] by alleging that the detention was effected by an assault upon [Appelllant]?

Appellant's Brief at 2.

Initially, Appellant contends that the trial court erred in its determination that Appellant's claim sounded in professional liability or medical malpractice, thus triggering the requirement to file a certificate of merit. According to Appellant, the basis of the court's decision rests upon an improper inference that Ms. Curtis is a medical professional. We are constrained to agree.

- 3 -

In order to determine whether an action is a professional negligence claim as opposed to another theory of liability, this Court must examine the averments made in the complaint. The substance of the complaint rather than its form is the controlling factor to determine whether the claim against a defendant sounds in professional negligence or [another theory of liability].

***Zokaites Contracting Inc. v. Trant Corp.***, 968 A.2d 1282, 1287 (Pa. Super. 2009) (citations omitted). This inquiry raises a question of law for which the standard of our review is *de novo*. ***Ditch v. Waynesboro Hosp.***, 917 A.2d 317, 321 (Pa. Super. 2007).

"Medical malpractice is defined as the unwarranted departure from generally accepted standards of medical practice resulting in injury to a patient[.]" ***Id.*** Two characteristics distinguish a medical malpractice claim: (1) medical malpractice occurs only within the course of a professional relationship and (2) claims involve questions of medical judgment. ***Id.*** at 322.

Appellant's complaint avers that he received medical treatment at the hospital emergency room:

[T]he personnel bandaged [Appellant's] forehead and administered CT Scan of his head which showed no concussion.

Complaint at ¶ 3. However, there is no statement identifying who performed or directed such treatment. Further, the complaint indicates that the treatment was complete:

By approximately 7:30 p.m. [Appellant] was dressed and ready to return to his office to complete the legal work on a brief he was preparing.

- 4 -

Complaint at ¶ 4.  Thereafter, Appellant avers the following:

> At the direction of Amy Harke Curtis[,] the alleged security people at Presbyterian University Hospital and, in particular, Robert Wolford refused to permit [Appellant] to call a cab to take him downtown to return to his office or to leave the premises[;] Wolford and three (3) goons physically restrained [Appellant] from leaving the [h]ospital and in so doing falsely imprisoned [Appellant.]

Complaint at ¶ 5.

Given these averments, it remains unclear whether Appellant had a *professional* relationship with Ms. Curtis or whether, perhaps, Ms. Curtis was the hospital security supervisor.  Further, it remains unclear whether Appellant's detention raises questions of *medical judgment*.  **Ditch**, 917 A.2d at 322.  Thus, at this stage of the proceedings, we discern no basis on which to conclude that Appellant's claim sounds in professional liability or medical malpractice.  Accordingly, we reverse the trial court's interlocutory order entered February 13, 2014.[2]

In his third issue, Appellant contends that the trial court misconstrued the requirements for a civil claim of false imprisonment.  We agree.

> A preliminary objection in the nature of a demurrer is properly granted where the contested pleading is legally insufficient. Preliminary objections in the nature of a demurrer require the court to resolve the issues solely on the basis of the pleadings; no testimony or other evidence outside of the complaint may be considered to dispose of the legal issues presented by the demurrer.  All material facts set forth in the pleading and all

_____

[2] We are aware of no precedent that would preclude Appellees from revisiting this issue after pleadings are complete or following discovery.

inferences reasonably deducible therefrom must be admitted as true.

In determining whether the trial court properly sustained preliminary objections, the appellate court must examine the averments in the complaint, together with the documents and exhibits attached thereto, in order to evaluate the sufficiency of the facts averred. The impetus of our inquiry is to determine the legal sufficiency of the complaint and whether the pleading would permit recovery if ultimately proven. This Court will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or abuse of discretion. When sustaining the trial court's ruling will result in the denial of claim or a dismissal of suit, preliminary objections will be sustained only where the case i[s] free and clear of doubt.

*Weiley v. Albert Einstein Med. Ctr.*, 51 A.3d 202, 208 (Pa. Super. 2012) (internal citations omitted; quotations marks omitted) (quoting *Brosovic v. Nationwide Mut. Ins. Co.*, 841 A.2d 1071, 1073 (Pa. Super. 2004).

Appellant claims false imprisonment. "The elements of false imprisonment are (1) the detention of another person, and (2) the unlawfulness of such detention." *Renk v. City of Pittsburgh*, 641 A.2d 289, 293 (Pa. 1994). Although an unlawful detention may constitute criminal behavior, it need not. *Id.* at 291 (considering whether a local agency must indemnify a police officer for the payment of a judgment entered in a civil, tort action for assault, battery, false imprisonment, and emotional distress); *see also* 18 Pa.C.S. § 2903 (Official Comment – 1972) ("It is not intended by this section [defining criminal false imprisonment] to penalize every detention which might be the basis of a civil suit for false

imprisonment.").  The Pennsylvania Supreme Court has further clarified the elements, citing favorably to the Restatement (2d) of Torts:

> False imprisonment … entails liability to an actor if (a) he acts intending to confine the other or a third person within boundaries fixed by the actor, and (b) his act directly or indirectly results in such a confinement of the other, and (c) the other is conscious of the confinement or is harmed by it.

***Gagliardi v. Lynn***, 285 A.2d 109, 111 n.2 (Pa. 1971) (quotations marks omitted).

In our view, Appellant's complaint sets forth pleadings that would permit recovery if ultimately proven.  According to Appellant, Ms. Curtis directed hospital security personnel to restrain Appellant physically and without just cause, thus preventing him from leaving the hospital grounds. Appellant avers further that he was harmed by such actions.  ***See*** Complaint ¶¶ 6-7 (averring that Appellant lost 3.5 hours of work, billable at $200 per hour).[3]  Accordingly, we also reverse the trial court's order entered June 2, 2014, and remand for further proceedings.

Order reversed.  Case remanded.  Jurisdiction relinquished.

_____

[3] In light of our disposition, we do not reach Appellant's second and fourth questions presented.  Also before the Court is Appellant's motion to quash Appellees' Brief.  Said motion is denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/23/2015