J-S51032-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| TIM WILBUR MECHANICAL AND TIM WILBUR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| NORGUARD INSURANCE COMPANY | |
| Appellee | No. 364 MDA 2014 |

Appeal from the Order Entered January 24, 2014
In the Court of Common Pleas of Cumberland County
Civil Division at No(s): 06-6048

BEFORE:  BOWES, J., OTT, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.:                    **FILED FEBRUARY 18, 2015**

Tim Wilbur Mechanical and Tim Wilbur (Wilbur) appeal from the order entered January 24, 2014, in the Court of Common Pleas of Cumberland County granting summary judgment in favor of defendant, NorGUARD Insurance Company (NorGUARD).  The trial court determined that, as a matter of law, NorGUARD had effectively cancelled Wilbur's workmen's compensation insurance policy prior to the claimed accident and therefore, Wilbur had failed to state a cause of action upon which relief could be granted.  Additionally, the trial court found Wilbur was collaterally estopped from challenging the effective cancellation of the worker's compensation policy.  Following a thorough review of the certified record and relevant law, we affirm.

In this appeal, Wilbur raises two issues: (1) the trial court erred in determining the policy was effectively cancelled even though NorGUARD did not make a timely return of Wilbur's unearned premium, and (2) the trial court erred in determining Wilbur was collaterally estopped from bringing the lawsuit.

Initially, we note the procedural problems found herein. This case arises from an accident suffered on October 16, 2002, in the course and scope of employment, by a Wilbur employee. Wilbur had purchased a worker's compensation insurance policy from NorGUARD. However, Wilbur had failed to make the required June 9, 2002 premium payment.[1] On June 17, 2002, NorGUARD mailed notice of cancellation of the policy, effective July 7, 2002, unless the required premium payment was made. Payment was not tendered; the policy was cancelled.

On October 16, 2006, Wilbur filed suit against NorGUARD claiming breach of contract, bad faith, and punitive damages. All of these claims are based upon the assertion that NorGUARD did not effectively cancel the worker's compensation policy. On April 1, 2013, NorGUARD filed a motion for summary judgment arguing that it had effectively cancelled Wilbur's

---

[1] The record indicates Wilbur had failed to make two prior payments as well. Both of these failures led to cancellation notices being sent to Wilbur. However, in both prior instances, Wilbur made payment before the effective cancellation date and so the policy was reinstated both times.

worker's compensation insurance as of July 7, 2002. Therefore, it did not and could not breach the contract regarding the October 16, 2002 accident, because no contract existed at that time. Wilbur did not file a response to the motion, despite Pa.R.C.P. 1035.3 *requiring* the adverse party to *file* a response within 30 days of service of the motion for summary judgment.[2] In the January 24, 2014 order granting NorGUARD's motion for summary judgment, the trial court commented that it had considered Wilbur's brief in opposition to NorGUARD's motion. That brief is not part of the certified record.

Although "response" is not defined, it does not appear to include simply a brief. Rule 1035.3(e)(1) allows a trial court to rule on summary judgment "without written responses or briefs" as long as no party is

---

[2] Rule 1035.3 states, in relevant part:

> Except as provided in subdivision (e) [allowing the court to decide a motion without written responses or briefs if no party is prejudiced] , the adverse party may not rest upon the mere allegations of denials of the pleading but *must* file a response within thirty days after service of the motion identifying
>
> > (1) one or more issues of fact arising from evidence in the record controverting the evidence cited in support of the motion or from a challenge to the credibility of one or more witnesses testifying in support of the motion, or
> >
> > (2) evidence in the record establishing the facts essential to the cause of action or defense which the motion cites as not having been produced.

Pa.R.C.P. 1035.3(a)(1)-(2) (emphasis added).

prejudiced. This Rule indicates that a brief is not the same as a written response. Further, case law indicates the trial court has the discretion to require a brief and/or oral argument. ***See Thomas v. Elash***, 781 A.2d 170 (Pa. Super 2001); ***Smitley v. Holiday Rambler Corp.***, 707 A.2d 520 (Pa. Super. 1998). Rule 1035.3 clearly states that a response *must* be filed. Therefore, a brief, which is supplied at the discretion of the court, is not contemplated to replace the required filed response. Finally, ***Scopel v. Donegal Mutual Ins. Co.***, 698 A.2d 602 (Pa. Super. 1997), in commenting on Rule 1035.3, notes that "litigant's briefs are not part of the official record."[3] ***Id***. at 606. This comment also indicates that a brief does not equate to a mandatory filed response.

While the failure to respond to a motion can result in a finding of waiver, here, the trial court scheduled argument on the motion. Said argument was apparently held on November 8, 2013.[4] Subsequently, the trial court ruled on the motion, having considered both the brief and the argument. ***See*** Order, 1/24/2014. Because the trial court ruled on the

---

[3] This fact is demonstrated by the instant certified record, which does not contain Wilbur's brief in opposition to NorGUARD's motion.

[4] The certified record contains an order scheduling argument for that date. However, the official docket has no entries for that date and there are no stenographer's notes from that date.

merits as if Wilbur had properly responded to NorGUARD's motion, we will

address the issues as framed by the trial court.[5]

We note our applicable scope and standard of review:

Our scope of review of an order granting summary judgment is plenary. [W]e apply the same standard as the trial court, reviewing all the evidence of record to determine whether there exists a genuine issue of material fact. We view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered.

Motions for summary judgment necessarily and directly implicate the plaintiff's proof of the elements of his cause of action.... Thus, a record that supports summary judgment will either (1) show the material facts are undisputed or (2) contain insufficient evidence of facts to make out a *prima facie* cause of action or defense and, therefore, there is no issue to be submitted to the [fact-finder]. Upon appellate review, we are not bound by the trial court's conclusions of law, but may reach our own conclusions. The appellate Court may disturb the trial court's order only upon an error of law or an abuse of discretion.

**Stein v. Magarity**, 102 A.3d 1010, 1013 (Pa. Super. 2014) (citation

omitted).

_____

[5] Because we have no direct record of Wilbur's arguments before the trial court, we cannot rely upon either Wilbur's Pa.R.A.P. 1925(b) statement or his Appellant's Brief. "Issues not raised below cannot be advanced for the first time in a 1925(b) statement or on appeal." **Irwin Union National Bank and Trust Co. v. Famous**, 4 A.3d 1099, 1104 (Pa. Super. 2010) *citing* **Diamond Reo Truck Company v. Mid-Pacific Industries, Inc.**, 806 A.2d 423, 430 (Pa. Super. 2002). Accordingly, we must rely on the trial court's recitation.

Here, the trial court reviewed the specific language of the policy and determined that the contractual requirements for cancellation of the policy were contained in Part Six, Section D. In relevant part, the policy states:

2. We may cancel this policy. We must mail or deliver to you not less than ten days advance written notice stating when the cancelation is to take effect. Mailing that notice to you at your mailing address shown in Item 1 of the Information Page will be sufficient to prove notice.

3. The policy period will end on the day and hour stated in the cancelation notice.

4. Any of these provisions that conflict with a law that controls the cancelation of the insurance in this policy is changed by this statement to comply with the law.

NorGUARD Policy, Part Six, ¶ D, (2)-(4), at 5.

The evidence of record, produced by NorGUARD, demonstrates that NorGUARD complied with the contractual requirements. Notice was mailed to Wilbur, at the proper address, on June 17, 2002, effective July 7, 2002 at 12:01 A.M. Therefore, the notice provided more than the ten days' advance written notice required by paragraph 2.[6]

---

[6] Although not mentioned by either the trial court or Wilbur, we note the relevant Pennsylvania statute, 40 P.S. § 3403(3)(ii), requires a minimum 15 days' advance notice when an insurance policy is terminated for reasons of non-payment of premiums. However, NorGUARD provided 20 days' advance notice, so the statutory requirement for timely notice was met. Additionally, 40 P.S. § 3407(b) exempts workmen's compensation policies that are subject to the "Healthcare Services Malpractice Act" from the cancellation requirements of Section 3403. The "Healthcare Services Malpractice Act" was repealed and there is no indication in the certified record that the NorGUARD policy is or ever was subject to that law.

The trial court noted that Wilbur claimed that NorGUARD failed to return the unearned premium to Wilbur within the ten days required by the policy. Wilbur's argument is based upon language found in an endorsement to the policy.[7]

The endorsement addresses three issues: nonrenewal, notice of increase of premium, and return of unearned premium. In relevant part, the endorsement reads:

> 1. If this policy is canceled and there is unearned premium due you:
>
>    a. If the company cancels, the unearned premium will be returned to you within 10 business days after the effective date of cancellation.
>
>    b. If you cancel, the unearned premium will be returned within 30 days after the effective date of cancellation.
>
> 2. Because this policy was written on the basis of an estimated premium as is subject to a premium audit, the unearned premium specified in 1a. and 1b. above, if any, shall be returned on an estimated basis. Upon our completion of computation of the exact premium, an additional return premium or charge will be made to you within 15 days of the final computation.

Policy Endorsement, WC 37 06 03A.

Based upon the language of this endorsement, Wilbur claimed that the cancellation was not effective on July 7, 2002, because NorGUARD did not

---

[7] The endorsement language was required by 40 P.S. § 3404.

return the unearned premium within the ten days required by the policy in paragraph 1a.[8]

The trial court analyzed this language and determined that, contrary to Wilbur's assertion, the return of any unearned premium was not a prerequisite to the cancellation of the policy. The paragraphs addressing unearned premium were not contained within Part Six, ¶ D (regarding cancellations) of the policy. Part Six, ¶ D does not refer to the return of unearned premiums as a condition or requirement of cancellation of the policy.[9] Further, the relevant language of the endorsement indicates that the return of any unearned premium is an action contemplated as occurring subsequent to the cancellation of the policy, not as a prerequisite to effective cancellation. Therefore, effective cancellation of the policy cannot be conditioned upon an action taken only after cancellation. Stated another way, there is no language in the policy to support an argument that the

---

[8] The policy was subject to estimated premiums, **see** Complaint, 10/16/2006, at ¶ 8; Answer, 12/7/2006, at ¶ 8. Therefore, it appears that the return of any unearned premium was subject to the terms of paragraph 2, not paragraph 1a.

[9] We note there is nothing in the statutory language cited by Wilbur indicating effective cancellation of a policy is conditioned upon timely return of any unearned premium.

return of any unearned premium, within the time allotted in the endorsement, is required to ratify an otherwise effective cancellation.[10]

The trial court noted that Wilbur argued *Gosch v. Fireman's Insurance Company*, 33 Pa. Super. 496 (1906), made the return of any unearned premium a requirement to the effective cancellation of the policy. The trial court correctly noted that *Gosch* is easily distinguishable from the instant matter. We note that *Gosch* predates statutory insurance regulation. The contract in *Gosch* contained language linking the return of unearned premium to the cancellation of the policy.[11] As demonstrated above, such language does not exist in the NorGUARD policy.

Further, we note that subsequent case law effectively limits *Gosch* to the facts presented in that case. *See Pomerantz v. Mutual Fire Ins. Co. of Chester County*, 124 A. 139, 140 (Pa. 1924) (noting subsequent enactment of statutorily mandated policy forms: "Formerly, the unearned premium was required to be tendered when the policy was canceled, otherwise the latter would continue in effect."); *Turney v. Allstate Ins.*

---

[10] If we accept Wilbur's interpretation that effective cancellation is conditioned upon the subsequent timely return of any unearned premium, then pursuant to the endorsement at ¶ 1b., if a customer sought to cancel the policy, but the unearned premium was not returned within 30 days, then the cancellation would be defeated.

[11] Another factual difference is that Gosch actually made timely payment to his insurance agent. It was the agent who failed to make payment to the insurer.

*Co.*, 74 A.2d 730, 731 (Pa. Super. 1950) (noting **Pomerantz** had effectively ruled return of unearned premium was no longer a condition precedent to effective cancellation of a policy).

Because the evidence of record supports the trial court's determination that NorGUARD complied with all of the contractual and statutory requirements to effectively cancel Wilbur's policy for non-payment of premiums, and correctly determined as a matter of law the return of any unearned premium is not a condition precedent to effective cancellation of a policy nor is it required to ratify cancellation, Wilbur cannot prevail. As noted above, all of Wilbur's claims were dependent upon a finding that the policy was not properly cancelled. Therefore, summary judgment as to all claims was properly granted.

Because the trial court correctly determined the policy had been effectively cancelled, we need not address Wilbur's second claim regarding collateral estoppel.

Order granting summary judgment affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/18/2015