J-S01003-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JAMES MITCHELL | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHERYL STURM | : | No. 1569 EDA 2019 |

Appeal from the Order Entered April 26, 2019
In the Court of Common Pleas of Delaware County Civil Division at
No(s):  2015-001107

BEFORE:   BOWES, J., KUNSELMAN, J., and STRASSBURGER, J.[*]

MEMORANDUM BY BOWES, J.:                          Filed: June 18, 2020

James Mitchell appeals *pro se* from the April 26, 2019 order denying his petition to open and/or strike the judgment of *non pros* that was entered after he failed to file a certificate of merit in this action against Cheryl Sturm, Esquire.  We affirm.

As there have been no factual determinations as of record, we glean the following facts from Appellant's civil complaint and the attendant exhibits.  On May 8, 2012, Appellant, who is serving a life sentence for murdering Tyrell Hinton, contacted Attorney Sturm to represent him in litigating either a serial petition under the Post-Conviction Relief Act or a second federal *habeas corpus* petition.  Appellant's judgment of sentence became final in 2002 and the state and federal courts denied all of Appellant's prior requests for collateral relief.

---

[*] Retired Senior Judge assigned to the Superior Court.

On May 14, 2012, Attorney Sturm presented Appellant with a detailed fee agreement wherein she informed him that for a non-refundable retainer of $4,500.00, she would draft an opinion letter outlining her assessment of the merits of his case, and advise him as to a plan of action. The letter also informed Appellant that, if he sought collateral relief, the retainer would be counted toward her basic fee of $12,500.00 for that procedure. Appellant agreed, and Attorney Sturm provided him with an opinion letter recommending that Appellant file a Fed.R.Civ.P. 60(b)(6) motion in the district court to obtain reconsideration of a prior, untimely *habeas* petition based on a change in the governing law. Specifically, she recommended that he invoke **Martinez v. Ryan**, 132 S.Ct 1309, 182 (2012), which she described as permitting him to litigate a *habeas* petition asserting a procedurally-barred issue based on a layered ineffective assistance of counsel claim implicating prior PCRA and appellate counsel.

Attorney Sturm stressed that the remaining fee to litigate the Rule 60(b) motion was $8,000 plus expenses. Appellant agreed and paid the balance due to Attorney Sturm. However, prior to the date Attorney Sturm filed the Rule 60(b) motion, Appellant voiced his concern that the proposed motion would be considered a successive *habeas* petition, which required authorization from the court of appeals in order to proceed. Nevertheless, conceding his limited understanding of the law, Appellant ultimately deferred to Attorney Sturm's professional opinion. He informed counsel,

> I know you fully comprehended the law. . . in this matter, but I am a layman. I am trying [to] reach a point of clarity. I don't know . . . the governing case [in] this matter. But . . . it seems that[,] if the new issue (that we have to use) regarding deliberation would turn the Rule 60(b) motion in to a second or successive *habeas corpus* [petition].
>
> My question is, do you think the Court would grant our motion in part and dismiss the new issue without prejudice? If so[,] how would we proceed from there?

Letter, 7/17/12, unnumbered at 1-2; Complaint, 2/6/15, at Exhibit C. He revisited his concerns in a subsequent letter to counsel the following month. Complaint, 2/6/15, at Exhibit E.

Attorney Sturm filed the Rule 60 motion seeking to reopen the case in the federal court as she set forth in her opinion letter to Appellant. Approximately three months later, the district court denied the motion as a successive *habeas corpus* petition. In subsequent correspondence with Appellant, Attorney Sturm agreed to file a petition for leave to file a second *habeas corpus* petition under 28 U.S.C. § 2254 for no additional payment. For reasons that are disputed, the complimentary petition was not filed.

Acting *pro se*, Appellant initiated this proceeding in breach of contract and professional negligence in February 2015, and the complaint was reinstated on December 30, 2016. As it relates to the issue on appeal, the complaint alleged as follows:

> Count I, Breach of Contract
>
> . . . .
>
> 37. [Appellant] performed all the conditions required of him by agreement.

38.    [Attorney Sturm] failed to perform the conditions of the agreement on her part in that she **failed to properly institute and prosecute the cause of action** for the [Appellant] with regard to the Rule 60 motion and application to file a second or successive [*habeas corpus*] petition [under 28 U.S.C. § 2254].

39.    [Appellant] is now denied Rule 60 relief as a successive [§] 2254 petition, because [**Attorney Sturm**] **failed to bring the action within the governing rules**.

40.    As a result of [Attorney Sturm's] failure to comply with the conditions of the agreement between the parties, [**Appellant**] **has not obtained Rule 60 relief through a properly prepared motion**.

41.    As a further result of the [Attorney Sturm's] failure to comply with the conditions of her agreement, [Appellant] has been **prevented from obtaining relief through a properly prepared motion**.

42.    The conduct of the [Attorney Sturm] constitutes a breach of contract, and [Appellant] is entitled to a refund of all fees.

43.    [Appellant] is also entitled to an award of punitive damages based upon the [**Attorney Sturm's] outrageous conduct, which demonstrates her evil motive or reckless indifference to the rights of the [Appellant]**.

Complaint, 2/6/15, at 6-7 (emphases added).

The case proceeded to compulsory small-claims arbitration, and the panel ruled in favor of Attorney Sturm. Appellant *pro se* filed a *de novo* appeal to the common pleas court. Following the denial of her preliminary objections and motion for judgment on the pleadings, Attorney Sturm filed notice pursuant to Pa.R.C.P. 1042.6(a) of her intent to enter judgment of *non pros* due to Appellant's failure to file a certificate of merit in accordance with

Pa.R.C.P. 1042.3.[1]  Thereafter, she filed a *praecipe* for entry of judgment of non pros on March 13, 2019, and the judgment was entered that same day. *See* Pa.R.C.P. 1042.7 ("The prothonotary, on *praecipe* of the defendant, shall enter judgment of *non pros* against the plaintiff for failing to file a certificate of merit within the required time provided that [the requirements of the rule are satisfied.]").

Appellant filed a timely petition to open or strike the judgment *of non pros*, Attorney Sturm filed her response, and on April 26, 2019, the trial court denied the petition.  Appellant appealed the order denying relief and complied with the trial court's order to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).  Appellant raised one issue, which he presents on appeal as follows,

> A. Whether the trial court erred in denying Appellant's petition to reopen and/or strike judgment of *non pros* where his complaint contains [a] count for breach of contract which [is] not subject to any requirement that a certificate of merit be filed because

---

[1]  Rule 1042.3 provides that "[i]n any action based upon an allegation that a licensed professional deviated from an acceptable professional standard," the plaintiff's attorney shall file a certificate of merit within sixty days after the filing of the complaint averring that: (1) a qualified licensed professional has supplied a written statement that the defendant deviated from an acceptable professional standard and that such conduct caused the harm; or (2) the claim against the defendant is premised on allegations that other licensed professionals who worked under the supervision of the defendant deviated from an acceptable professional standard; or (3) expert testimony of a qualified licensed professional is unnecessary to prosecute the claim. Pursuant to Rule 1042.3(e), "If a certificate is not signed by an attorney, the party signing the certificate of merit shall . . . attach to the certificate of merit the written statement from an appropriate licensed professional as required by [the Rule]."  Pa.R.C.P. 1042.3(e).

the [Attorney Sturm] failed to provide professional services consistent with those expected to satisfy the term of the contract?

Appellant's brief at 3 (unnecessary capitalization omitted).

At the outset, we address Attorney Sturm's assertion that the appeal is untimely because it was filed more than thirty days after the trial court entered the judgment of *non pros*. This positon is founded upon the ensconced legal principle that the filing of a motion for reconsideration is insufficient to toll an appeal period unless the trial court expressly grants reconsideration of the appealable order. ***See Valley Forge Center Assocs. v. Rib-It/K.P.***, 693 A.2d 242 (Pa.Super. 1997). However, because a petition for reconsideration is legally distinct from a petition to strike or open a judgment of *non pros*, the principle that Attorney Sturm asserts herein is inapplicable. In reality, an appeal cannot be taken directly from the entry of judgment of *non pros*. ***See*** Pa.R.C.P. 3051(a) ("Relief from a judgment of *non* pros shall be sought by petition."). Thus, a party must file a petition to open, vacate, or strike the *non* pros, and the order denying relief is appealable as of right. ***Id***.; Pa.R.A.P. 311(a)(1) (appeal as of right from orders denying petitions to "open, vacate or strike judgments"). Accordingly, because Appellant appealed the order denying his petition to open/strike the judgment of *non pros* within thirty days of the date that the trial court entered that order, the appeal is timely, and we address the merits of Appellant's argument.

As noted, *supra*, this is an appeal from a denial of a petition to open/strike a judgment of *non pros* entered pursuant to Pa.R.C.P. 1042.7(a)

due to Appellant's failure to file a certificate of merit within sixty days of filing his complaint for professional malpractice and, at least nominally, breach of contract. We review a trial court's denial of relief from the judgment of *non pros* in accordance with Pa.R.C.P. 3051 for an abuse of discretion, which "means that the trial court's decision will be overturned only if it reflects manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support as to be clearly erroneous." ***Womer v. Hilliker***, 908 A.2d 269, 273 (2006). Rule 3051 provides, in pertinent part, as follows:

> (a) Relief from a judgment of non pros shall be sought by petition. All grounds for relief, whether to strike off the judgment or to open it, must be asserted in a single petition.
>
> (b) If the relief sought includes the opening of the judgment, the petition shall allege facts showing that
>
>> (1) the petition is timely filed,
>>
>> (2) there is a reasonable explanation or legitimate excuse for the inactivity or delay, and
>>
>> (3) there is a meritorious cause of action.

Pa.R.C.P. 3051 (a) and (b). Appellant's petition to open was timely filed and his complaint avers a potentially meritorious cause of action. Hence, this appeal concerns whether he provided a legitimate excuse for failing to file the certificate of merit.

The gravamen of Appellant's argument is that he was not required to produce a certificate of merit in order to litigate his breach of contract claim.[2] In this vein, he contends that Attorney Sturm "failed to fulfill the objectives [of the agreement] as a result of her failure to adhere to Appellant's request concerning the way [she] framed the claim in the Rule 60 motion[.]" Appellant's brief at 9. He opines that since he alleged that Attorney Sturm "failed to provide the professional services consistent with those expected to satisfy the terms of the contract[,]" a certificate of merit was not necessary and the trial court erred in entering a judgment of *non pros* pursuant to Rule 1042.7. We disagree. As explained *infra*, Appellant's allegations pertain to the quality of Attorney Sturm's professional representation, and not a failure to perform under the contract.

As this Court has stated,

> In order to determine whether an action is a professional negligence claim as opposed to another theory of liability, this Court must examine the averments made in the complaint. The substance of the complaint rather than its form is the controlling factor to determine whether the claim against a defendant sounds in professional negligence or contract.

***Zokaites Contracting Inc. v. Trant Corp.***, 968 A.2d 1282, 1287 (Pa Super. 2009) (citations omitted). We continued, "a typical breach of contract action involves (1) the existence of a contract, (2) a breach of a duty imposed by the

---

[2] Since Appellant does not contest that Count II of his complaint expressly alleged professional negligence and required a certificate of merit, which he failed to produce, we do not address that aspect of the complaint any further.

contract, and (3) damages. In a breach of contract action against a professional, the professional's liability must be based upon the terms of the contract." *Id*. (citations omitted).

The allegations in Appellant's Count I sounded in professional negligence rather than a breach of contract. Indeed, Appellant complained that Attorney Sturm "failed to properly institute and prosecute the cause of action," "failed to bring the action within the governing rules," neglected to obtain "Rule 60 relief through a properly prepared motion," "prevented [Appellant] from obtaining relief through a properly prepared motion[;]" and engaged in "outrageous conduct, which demonstrates her . . . reckless indifference to [Appellant's] rights [.]" Complaint, 2/6/15, at 6-7. Significantly, because all of these assertions implicate Attorney Sturm's professional judgment and the care that she put into her work on his behalf, Appellant will require expert testimony to prove that the decisions, motions, and conduct that Appellant assails were, in fact, improper. *See Zokaites Contracting Inc., supra* at 1288 (as averments implicating exercise of care and professional judgment would require expert testimony to establish, they cannot be deemed to relate to contractual duties). Thus, we reject Appellant's contention that the certificate of merit was not required for this count.[3]

_____

[3] To the extent that Appellant conceivably had a basis to assert a breach of contract based upon his allegation that counsel neglected her promise to file a complimentary petition for a successive *habeas* petition, Appellant does not

Furthermore, as it relates to Appellant's argument that Attorney Sturm failed to fulfill the objectives of the agreement because she disregarded his apprehension about the Rule 60 motion, Appellant's pleading and the attached exhibits demonstrate that Attorney Sturm did not agree to litigate the Rule 60 motion in a manner consistent with Appellant's concerns. Instead, she set forth in the fee agreement her intention to provide an opinion letter and devise a plan of action based on her professional review of Appellant's case. The ensuing opinion letter set forth her proposal to file a Rule 60 motion in accordance with the view she outlined therein, *i.e.* seek to reopen the final order denying his prior *habeas* petition based upon layered claims of ineffective assistance of counsel. Attorney Sturm did not alter this position based upon Appellant's subsequent correspondence charting his interpretation of the case law.

Importantly, Appellant ultimately acceded to counsel's professional expertise, albeit with some trepidation, without demanding an alternate course of action. **See** Complaint, 2/6/15, at Exhibit C ("I know you fully comprehended the law . . . in this matter, but I am a layman. I am trying [to] reach a point of clarity."); Exhibit E ("I am a layman and you have stated

---

raise this argument in his brief. **See id**. at 8-10. Accordingly, it is waived and we cannot assert the argument on his behalf. **Irwin Union Nat'l Bank & Trust Co. v. Famous**, 4 A.3d 1099, 1103 (Pa.Super. 2010) ("This Court will not act as counsel and will not develop arguments on behalf of an appellant.").

that it is your professional opinion that the [Rule] 60(b) motion is the best course of action in my case. . . . I am ready to go, and move foreword [sic] as soon as possible."). Moreover, Appellant signed the Rule 60 motion, attesting, *inter alia*, that he read the motion, understood the legal issue, and adopted the statement of facts and legal issues as if he had prepared the document himself. **See** Supplemental Exhibits in Support of Preliminary Objection, 3/6/18, at Exhibit F. No relief is due. Attorney Sturm did precisely what she agreed to do in the fee agreement; Appellant is simply dissatisfied with the result. To prevail in a claim against her, therefore, Appellant will require expert testimony to establish that Attorney Sturm's representation violated the standard of care.

For all of the foregoing reasons, we affirm the trial court's order denying the petition to open or strike the judgment of *non pros* entered because Appellant failed to file a certificate of merit pursuant to Rule 1042.3.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>6/18/20</u>

- 11 -