J-A18006-24                2024 PA Super 54

| | | |
|---|---|---|
| SUREFIRE DIVIDEND CAPTURE, L.P., LINDA BEDELL; THE LINDA BEDELL INDIVIDUAL RETIREMENT ACCOUNT; LANDON BEDELL; KEATON BEDELL; INNER DESIGN, INC., PROFIT SHARING PLAN; JOHN SCIOTTO; LOUIS SCIOTTO; AND THE LOUIS M. SCIOTTO TRUST | : : : : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | No. 1222 WDA 2023 |
| v. | : : : | |
| THE PNC FINANCIAL SERVICES GROUP, INC. | : : : : : | |
| APPEAL OF: THE PNC FINANCIAL SERVICES GROUP, INC. AND PNC BANK, N.A. | : : : | |

Appeal from the Order Entered June 30, 2023
In the Court of Common Pleas of Allegheny County Civil Division at
No(s):  GD-21-006035

BEFORE:  OLSON, J., MURRAY, J., and BENDER, P.J.E.

OPINION BY OLSON, J.:                                    **FILED: MARCH 10, 2025**

Appellants, the PNC Financial Services Group, Inc. and PNC Bank, N.A.,

appeal by permission from the interlocutory order entered on June 30, 2023.[1]

We vacate and remand.

---

[1] On June 30, 2023, the trial court amended its order of May 31, 2023 to certify that the ruling "involve[d] a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter."  **See** Trial Court Order, 6/30/23, at 1; **see also** 42 Pa.C.S.A. § 702(b).  Accordingly, we may exercise jurisdiction over this appeal pursuant to Pa.R.A.P. 312 and Pa.R.A.P. 1311(a)(1).

On May 28, 2021, Surefire Dividend Capture, L.P., Linda Bedell, the Linda Bedell Individual Retirement Account, Landon Bedell, Keaton Bedell, Inner Design, Inc. Profit Sharing Plan, John Sciotto, Louis Sciotto, and the Louis M. Sciotto Trust (hereinafter, collectively, "Plaintiffs"), commenced the current civil action by filing a *praecipe* for a writ of summons, naming the PNC Financial Services Group, Inc. (hereinafter "Appellant PNC Financial") as the sole defendant. **See** Plaintiffs' *Praecipe* for Writ of Summons, 5/28/21, at 1-2. Appellant PNC Financial was served with the writ of summons on July 14, 2021. **See** Sheriff Return, 7/14/21, at 1.

Just short of two years later, on May 2, 2023, Plaintiffs filed a motion to amend their writ of summons to (among other things) "correct the name of [Appellant PNC Financial] to [PNC Bank, N.A. (hereinafter "Appellant PNC Bank")]." Plaintiffs' Motion to Amend, 5/2/23, at "Wherefore" Clause. As Plaintiffs contended, they filed their motion to amend in accordance with Pennsylvania Rule of Civil Procedure 1033. **See id.** at ¶ 21. This rule provides, in part: "[a] party, either by filed consent of the adverse party or by leave of court, may at any time change the form of action, add a person as a party, correct the name of a party, or otherwise amend the pleading." Pa.R.C.P. 1033(a).

Further, Plaintiffs' motion to amend provided some factual context behind their civil action.[2] In the motion, Plaintiffs declared that their civil suit

---

[2] Plaintiffs have yet to file a complaint in this action.

relates to an allegation of hedge fund fraud perpetuated by non-parties Brenda Smith and George Heckler. Plaintiffs' Motion to Amend, 5/2/23, at ¶¶ 3-4. According to Plaintiffs, Appellant PNC Bank was "Smith and Heckler's bank and the epicenter of their Ponzi schemes." *Id.* at ¶ 6. Plaintiffs further contended:

> Plaintiffs' money (representing their investments in the hedge funds) was accepted and held on deposit at [Appellant] PNC Bank in accounts opened and managed by Smith and Heckler, and then was misappropriated by them.
>
> Plaintiffs have filed this action against PNC for its role in Smith and Heckler's fraud.
>
> . . .
>
> [Appellant] PNC Bank opened the bank accounts at issue, and [Appellant] PNC Bank accepted Plaintiffs' investment money, held it on deposit, and allowed it to be misappropriated. [Appellant] PNC Bank both knew of and substantially assisted the underlying wrongdoing by Smith and Heckler.

*Id.* at ¶¶ 7-8 and 10 (paragraph numbering omitted).

According to Plaintiffs, after they filed their writ of summons naming Appellant PNC Financial as the sole defendant, they conducted additional investigation and determined "that the specific PNC entity as defendant to this case should be correctly identified as [Appellant] PNC Bank," not Appellant PNC Financial. *Id.* at ¶ 9. Plaintiffs claimed that any confusion between Appellant PNC Bank and Appellant PNC Financial arose "because PNC conflates the two [names] and uses them interchangeably in public-facing materials." *Id.* at ¶ 11. Thus, Plaintiffs requested that the trial court "grant its motion to amend and correct the name of [Appellant PNC Financial] to [PNC Bank, N.A.

(hereinafter "Appellant PNC Bank")]." Plaintiffs' Motion to Amend, 5/2/23, at "Wherefore" Clause.

Appellant PNC Financial filed a response in opposition to Plaintiffs' motion and claimed that the trial court must deny the motion to amend. First, Appellant PNC Financial argued, Plaintiffs are wrongly attempting to amend their writ of summons through Pennsylvania Rule of Civil Procedure 1033. As Appellant PNC Financial claimed, Rule 1033 is solely concerned with the amendment of pleadings; and, since a writ of summons is not a pleading, Appellant PNC Financial argued that the rule does not allow a party to amend a writ of summons and add an entirely new party as a defendant. Appellant PNC Financial's Response, 5/11/23, at 3.

Second, Appellant PNC Financial contended, Plaintiffs are attempting to amend their writ of summons and add Appellant PNC Bank as a defendant, so that Plaintiffs can assert fraud claims against Appellant PNC Bank. *See id.* at 4-5. Appellant PNC Financial noted, however, the statute of limitations for a fraud claim is two years and, according to Appellant PNC Financial, the alleged fraud at issue ended in 2019 – outside of the statute of limitations period. *See id.* at 5. Therefore, Appellant PNC Financial claimed, the trial court must deny the Plaintiffs' motion for this independent reason, as "a writ of summons cannot be amended to add a new or different defendant as to which the statute of limitations has run." *Id.*

Finally, Appellant PNC Financial argued, "Plaintiffs knew nearly two years before they filed this action that [Appellant] PNC Bank was the party

- 4 -

with which Brenda Smith, and her hedge funds, had accounts," as evidenced by the fact that Plaintiff Surefire Capital directed subpoenas in an earlier arbitration action to "PNC Bank." *Id.* at 8 (some capitalization omitted). According to Appellant PNC Financial, since Plaintiff Surefire Capital "indisputably had knowledge as of July 2019 that Ms. Smith's banking relationship was with [Appellant] PNC Bank, not [Appellant] PNC Financial," the motion's "purported justification for the delay in identifying [Appellant] PNC bank as the correct party to this action is not credible" and the trial court must deny the motion to amend. *Id.* at 10 (quotation marks omitted).

On May 31, 2023,[3] the trial court granted Plaintiffs' motion and allowed the writ of summons to be amended, to "correct the name of [Appellant PNC Financial] to [Appellant PNC Bank]." Trial Court Order, 5/31/23, at 1-2; *see also* Plaintiffs' Motion to Amend, 5/2/23, at "Wherefore" Clause. Within its later-filed Rule 1925(a) opinion, the trial court explained:

> [Appellant] PNC Financial asserts that because a writ of summons is not enumerated as a pleading under Rule 1017, it cannot be amended under Rule 1033. [Appellant] PNC Financial argues that because Rule 1033 defines pleadings, and a writ of summons is not listed as a pleading under Rule 1017, it should be precluded from being amended under Rule 1033. It is obvious that [Appellant] PNC Financial's narrow

_____

[3] The trial court's order was dated May 30, 2023, but entered May 31, 2023. **See** Trial Court Order, 5/31/23, at 1-2; **see also** Pa.R.A.P. 108(b) ("[t]he date of entry of an order in a matter subject to the Pennsylvania Rules of Civil Procedure shall be the date on which the clerk makes the notation in the docket that written notice of entry of the order has been given as required by Pa.R.Civ.P. 236(b)").

analysis fails to consider other applicable rules of civil procedure in drawing its conclusion that a writ of summons cannot be amended by Rule 1033. [The trial court] first considered Rule 1007, which authorizes the commencement of a civil action by a *praecipe* for a writ of summons, or a complaint. Under Rule 1007, a writ of summons is a permissible procedure to start a civil action, and therefore, the first step a plaintiff may take prior to filing a complaint and could logically be considered a commencement pleading, even though it is not listed under Rule 1017.

Next, [the trial court] reviewed Rule 401(b)(2), which addresses the time for service, reissuance, reinstatement, and substitution of original process, for guidance to determine whether a writ of summons could be amended under Rule 1033. Rule 401(b)(2) specifically permits a writ of summons to be reissued at any time and any number of times, which includes adding a new party defendant prior to service on any defendant. But, more significantly for this analysis is the Note for Rule 401(b)(2), which references Rule 1033 as an alternate procedure a plaintiff may use to amend a writ of summons to add a new party. "If a new party defendant cannot be added pursuant to this rule, other procedures are available. ***See***, Rule 229 to discontinue the action and to state a new action; Rule 1033 to amend the caption of a pleading by agreement of the party or by leave of court; and Rule 2232 to seek leave of court for an order joining a defendant." . . .

It is evident by reading Rule 401(b)(2) and its Note, that the Pennsylvania Rules of Civil Procedure contemplated a plaintiff's need to amend their writ of summons including the ability to add a new party by employing Rule 1033. [Appellant] PNC Financial's sole reliance, and a limited construction of Rule 1033, fails to consider other rules, specifically Rules 1007 and 401(b)(2), which permits civil actions to be commenced by a writ of summons and the ability to amend the writ of summons before and after a defendant has been served process. Rule 401(b)(2) clearly permits a plaintiff to amend its writ of summons at any time and any number of times, including the addition of a new party up until a defendant has been served. Once a defendant has been served, [as is the case here,] the Note in Rule 401(b)(2) provides the plaintiff with alternate

procedures to amend their writ of summons. One of the methods referenced in the Note to Rule 401(b)(2) authorizes the use of Rule 1033 to amend a writ of summons after a defendant has been served, seeking court approval, and which [Plaintiffs] employed when [they] presented [the trial court] with [their] motion to amend.

Trial Court Opinion, 1/12/24, at 7-8 (emphasis omitted) (some capitalization omitted).

Appellants filed a timely motion to amend the May 31, 2023 order to allow for an interlocutory appeal by permission. In their motion to amend, Appellants requested that the trial court amend its order to state that the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter." Appellants' Motion to Amend, 6/29/23, at 3; *see also* 42 Pa.C.S.A. § 702(b).

The next day, the trial court amended its May 31, 2023 order to include a verbatim recitation of the language requested by Appellants. Trial Court Order, 6/30/23, at 1; *see also* 42 Pa.C.S.A. § 702(b). On July 14, 2023, Appellants filed a petition for permission to appeal to this Court and, on January 18, 2024, this Court granted Appellants' petition for permission to appeal pursuant to Pennsylvania Rule of Appellate Procedure 1311. *See* Order, 1/18/24, at 1. Appellants raise one claim on appeal:

Does Pennsylvania law authorize a writ of summons to be amended to name a new and different party-defendant after service of the writ on another and entirely distinct defendant before a complaint has been filed and served?

Appellants' Brief at 5.

To analyze Appellants' claim, we must interpret and apply the Pennsylvania Rules of Civil Procedure. The "interpretation and application of the Pennsylvania Rules of Civil Procedure present questions of law." *Pollock v. Feinstein*, 917 A.2d 875, 877 (Pa. Super. 2007). Concerning questions of law, "our standard of review is *de novo*. Our scope of review, to the extent necessary to resolve the legal question before us, is plenary." *Womer v. Hilliker*, 908 A.2d 269, 276 n.8 (Pa. 2006).

"When interpreting the language of our rules of civil procedure, we are guided by the fundamental precepts set forth in" Pa.R.J.A. 108. *See Bruno v. Erie Ins. Co.*, 106, A.3d 48, 73 (Pa. 2014). This rule declares:

> (a) The object of all interpretation and construction of rules is to ascertain and effectuate the intention of the Supreme Court.
>
> (b) Every rule shall be construed, if possible, to give effect to all its provisions. When the words of a rule are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.
>
> (c) When the words of a rule are not explicit, the intention of the Supreme Court may be ascertained by considering, among other matters:
>
>> (1) precedent of the Supreme Court interpreting the current rule;
>>
>> (2) the commentary accompanying the rule;
>>
>> (3) the rulemaking history;
>>
>> (4) other procedures governing the same or similar subjects;
>>
>> (5) the practice followed under the rule;

- 8 -

(6) the consequences of a particular interpretation; and

(7) the prior practice, if any, including other rules and Acts of Assembly, upon the same or similar subjects.

Pa.R.J.A. 108.

Of further import to the case at bar is Rule 106. Rule 106(a) states:

Words and phrases shall be construed according to rules of grammar and according to their common and approved usage; but technical words and phrases and such others as have acquired a peculiar and appropriate meaning or as are expressly defined by rule shall be construed according to such peculiar and appropriate or express meaning or definition.

Pa.R.J.A. 106(a).

In relevant part, Rule 1033 provides:

(a) General Rule. A party, either by filed consent of the adverse party or by leave of court, may at any time change the form of action, add a person as a party, correct the name of a party, or otherwise amend the pleading. The amended pleading may aver transactions or occurrences which have happened before or after the filing of the original pleading, even though they give rise to a new cause of action or defense. An amendment may be made to conform the pleading to the evidence offered or admitted.

(b) Relation Back. An amendment correcting the name of a party against whom a claim has been asserted in the original pleading relates back to the date of the commencement of the action if, within 90 days after the period provided by law for commencing the action, the party received notice of the institution of the action such that it will not be prejudiced in maintaining a defense on the merits and the party knew or should have known that the action would have been brought against the party but for a mistake concerning the identity of the proper party.

Pa.R.C.P. 1033(a) and (b) (effective January 1, 2025).[4]

The heart of this dispute primarily lies in the first sentence of Rule 1033(a). This sentence declares: "[a] party, either by filed consent of the adverse party or by leave of court, may at any time change the form of action, add a person as a party, correct the name of a party, or otherwise amend the pleading." Pa.R.C.P. 1033(a). On appeal, Appellants claim that the trial court erred when it interpreted Rule 1033 to allow Plaintiffs to amend their writ of summons. *See* Appellants' Brief at 14-42. According to Appellants, the plain language of Rule 1033 only permits a pleading to be amended; and, since a writ of summons is not a pleading, Appellants reason that the trial court erred when it granted Plaintiffs' motion to amend. *See id.* Plaintiffs counter and argue that Rule 1033 allows the caption in a writ of summons to be amended. *See* Plaintiffs' Brief at 13-37. Specifically, Plaintiffs claim that Rule 1033 must be read in the disjunctive, to allow for: "(1) changes to the form of action,

_____

[4] During the pendency of this appeal, Rule 1033 was amended, with the amendments becoming effective on January 1, 2025. In accordance with Pennsylvania Rule of Civil Procedure 52(c), we apply the amended version of Rule 1033 to this appeal. Pa.R.C.P. 52(c) ("[u]nless the Supreme Court specifies otherwise, a rule or an amendment to a rule shall apply to actions pending on the effective date"); *see also Conover v. Mikosky*, 609 A.2d 558, 559 (Pa. Super. 1992) ("[a]lthough the current appeal was pending at the time that Rule 240(j) went into effect, Pa.R.C.P. 52 enables this court to apply it to the present case"). Nevertheless, we note that the amended version of Rule 1033(a) and (b) is substantively identical to the version of Rule 1033(a) and (b) that existed at the time the case was before the trial court, with the only change being the addition of subdivision captions to the amended version.

(2) additions of parties, (3) corrections to the name of an existing party, **or** (4) any other changes to any pleading, so long as either the adverse party agrees or the [trial court] has an opportunity to review and approve." ***Id.*** at 14 (emphasis in the original). We agree with Appellants and conclude that the plain language of Rule 1033 applies exclusively to the amendment of pleadings – and that it does not allow for an amendment to a writ of summons.

Consistent with the fundamental principles stated in our interpretive guidelines, we start with the text of Rule 1033. Again, Rule 1033(a) declares: "[a] party, either by filed consent of the adverse party or by leave of court, may at any time change the form of action, add a person as a party, correct the name of a party, **or otherwise amend the pleading**." Pa.R.C.P. 1033(a) (emphasis added). As noted above, in interpreting this rule, Rule 106(a) requires that we construe words and phrases "according to the rules of grammar and according to their common and approved usage," but that we read "technical words and phrases and such others as have acquired a peculiar and appropriate meaning or as are expressly defined by rule" "according to such peculiar and appropriate or express meaning or definition." ***See*** Pa.R.J.A. 106(a).

The word "pleading" in Rule 1033(a) is a technical, legal word[5] and is "expressly defined by rule." ***See*** Pa.R.J.A. 106(a). In particular, Pennsylvania

_____

[5] Black's Law Dictionary defines the term "pleading" as: "[a] formal document in which a party to a legal proceeding (esp. a civil lawsuit) sets forth or
*(Footnote Continued Next Page)*

- 11 -

Rule of Civil Procedure 1017 declares, in relevant part, that "the pleadings in an action are limited to":

(1) a complaint and an answer thereto,

(2) a reply if the answer contains new matter, a counterclaim or a cross-claim,

(3) a counter-reply if the reply to a counterclaim or cross-claim contains new matter,

(4) a preliminary objection and a response thereto.

Pa.R.C.P. 1017(a); **see also Welsh v. Nat'l R.R. Passenger Corp.**, 154 A.3d 386, 392 (Pa. Super. 2017) ("[a] pleading is defined in [Rule] 1017").

From the above, it is apparent that "a writ of summons is not a pleading." **Monaco v. Montgomery Cab Co.**, 208 A.2d 252, 255 (Pa. 1965); **see also** Pa.R.C.P. 1017 cmt. ("[a] writ [of summons] is not a pleading"). Therefore, under our rules of construction, Rule 1033(a)'s reference to "the pleading" does not encompass a writ of summons.

Nevertheless, Plaintiffs claim, Rule 1033 may be read in the disjunctive, to allow amendments for: "(1) changes to the form of action, (2) additions of parties, (3) corrections to the name of an existing party, **or** (4) any other changes to any pleading, so long as either the adverse party agrees or the [trial court] has an opportunity to review and approve." Plaintiffs' Brief at 14 (emphasis in the original). Read in this manner, Plaintiffs argue, Rule 1033 is

_____

responds to allegations, claims, denials, or defenses." BLACK'S LAW DICTIONARY 1191 (8th ed. 2004).

- 12 -

not limited to the amendment of pleadings. Instead, Plaintiffs claim, the rule allows other filings – such as a writ of summons – to be amended, so long as the amendments are limited to "chang[ing] the form of [an] action", "add[ing] a person as a party", or "correct[ing] the name of a party." **See id.** We reject Plaintiffs' interpretation as contrary to the plain language of the rule.

Rule 1033(a) uses the term "otherwise" as an adverb, as it is modifying the verb "amend." As an adverb, "otherwise" means "in a different way or manner" or "in other respects." **See** MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 879 (11th ed. 2003); **Bateman v. Motorists Mut. Ins. Co.**, 590 A.2d 281, 284 (Pa. 1991) ("[t]he word 'otherwise' is defined as 'in a different way or manner'"); **see also Commonwealth v. Chisebwe**, 310 A.3d 262, 269 (Pa. 2024) ("[t]he common and approved meaning of a [non-technical] word . . . is appropriately gleaned from dictionary definitions"). When this definition is inserted into Rule 1033(a), the rule may be read to declare: "[a] party, either by filed consent of the adverse party or by leave of court, may at any time change the form of action, add a person as a party, correct the name of a party, **or [in a different way or manner] amend the pleading**." **See** Pa.R.C.P. 1033(a) (emphasis added).

It is clear that, by using the term "otherwise" in the manner it did, the Pennsylvania Supreme Court intended to link the phrase "amend the pleading" with the phrases "chang[ing] the form of [an] action," "add[ing] a person as a party," and "correcting the name of a party." In other words, the Supreme Court intended Rule 1033(a) to mean that amendments "chang[ing] the form

of [an] action," "add[ing] a person as a party," and "correcting the name of a party," were not to be read so broadly that they could apply to **any** filing or **any** situation. Rather, our Supreme Court intended these phrases to create, within Rule 1033, a procedural mechanism through which to accomplish three specific types of amendments within **a pleading**. To be sure, any other interpretation would read the word "otherwise" out of the rule.[6] **See** Pa.R.J.A. 108(b) ("[e]very rule shall be construed, if possible, to give effect to all its

_____

[6] We note that the term "otherwise" was added to Rule 1033 in 2013, with the amendment becoming effective on January 23, 2014. Prior to this time, Rule 1033 read:

> A party, either by filed consent of the adverse party or by leave of court, may at any time change the form of action, correct the name of a party or amend his pleading. The amended pleading may aver transactions or occurrences which have happened before or after the filing of the original pleading, even though they give rise to a new cause of action or defense. An amendment may be made to conform the pleading to the evidence offered or admitted.

Pa.R.C.P. 1033 (effective January 1, 1947 to January 22, 2014).

Under this version of Rule 1033, it was possible to view the phrases "change the form of action" and "correct the name of a party" as independent from the phrase "amend his pleading," since the modifier "otherwise" was not present in the rule at this time. Thus, prior to the 2014 amendment to Rule 1033, there were cases permitting an amendment to a writ of summons, so as to "correct the name of a party." **See Wright v. Eureka Tempered Copper Co.**, 55 A. 978 (Pa. 1903) (allowing a writ of summons to be amended, where "the effect of the amendment [was] to correct the name under which the right party was sued"); **Bloom v. B'Nai Emanual**, 56 Pa. D.&C.2d 639 (C.C.P. Allegheny Cty. 1971) (same). As explained above, however, following the 2014 amendment to Rule 1033, the plain language of Rule 1033 no longer allows for this interpretation.

- 14 -

provisions"); ***Willits v. Fryer***, 734 A.2d 425, 427 (Pa. Super. 1999) ("[w]hen construing a rule of civil procedure . . . we begin with a presumption that the Supreme Court did not intend language to exist as mere surplusage").

Our reading of Rule 1033 is bolstered by the remaining language in the rule. Indeed, **every sentence** of Rule 1033(a) and (b) specifically refers to a "pleading" or a "claim." It declares:

> (a) General Rule. A party, either by filed consent of the adverse party or by leave of court, may at any time change the form of action, add a person as a party, correct the name of a party, **or otherwise amend the pleading**. **The amended pleading** may aver transactions or occurrences which have happened before or after the filing of the **original pleading**, even though they give rise to a new cause of action or defense. An amendment may be made **to conform the pleading** to the evidence offered or admitted.
>
> (b) Relation Back. An amendment correcting the name of a party **against whom a claim has been asserted in the original pleading** relates back to the date of the commencement of the action if, within 90 days after the period provided by law for commencing the action, the party received notice of the institution of the action such that it will not be prejudiced in maintaining a defense on the merits and the party knew or should have known that the action would have been brought against the party but for a mistake concerning the identity of the proper party.

Pa.R.C.P. 1033(a) and (b) (emphasis added).

As explained above, the term "pleading" is a technical word, which is also "expressly defined by rule," and the term does not include a writ of summons. ***See supra***, at **11-12. Thus, simply stated, nothing in Rule 1033

permits, refers to, or contemplates an amendment to a writ of summons.[7] Rather, the entire rule concerns amendments to pleadings.

Therefore, we conclude that the plain language of Rule 1033 solely concerns amendments to pleadings – and that it does not permit an amendment to a writ of summons.

Notwithstanding our conclusion, Plaintiffs claim that our interpretation conflicts with Pennsylvania Rule of Civil Procedure 126. **See** Plaintiffs' Brief at 27-31. Rule 126 declares:

> The rules [of civil procedure] shall be liberally applied to secure the just, speedy, and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantive rights of the parties.

Pa.R.C.P. 126(a).

According to Plaintiffs, our reading of Rule 1033 is "hypertechnical[] and formalis[tic]" and it "represent[s] a marked departure from 'liberal' application of the rules as required by Rule 126." Plaintiffs' Brief at 29.

We reject Plaintiffs' characterization, as we have simply read the plain language of Rule 1033, determined that "the words of [the] rule are clear and free from all ambiguity," and refused Plaintiffs' invitation to disregard the

---

[7] Although not determinative, we further note that Rule 1033 is located under the heading "Pleadings" in the Pennsylvania Rules of Civil Procedure. **See** Pa.R.J.A. 110(d) ("[t]he title or heading prefixed to a chapter of rules shall not be considered to control but may be used in construing the rules").

letter of the rule "under the pretext of pursuing its spirit."[8] **See** Pa.R.J.A. 108(b). Moreover, and contrary to Plaintiffs' claim, Rule 126 does not simply require the "liberal" application of the Rules of Civil Procedure. Rather, the rule declares: "[t]he rules [of civil procedure] **shall be liberally applied to secure the just, speedy, and inexpensive determination** of every action or proceeding to which they are applicable." Pa.R.C.P. 126(a) (emphasis added). Although we believe the language of Rule 1033 is clear and that this

---

[8] Plaintiffs further argue that we should excuse their noncompliance with our Rules of Civil Procedure and affirm the trial court's order, as they merely committed a "procedural misstep" and Appellants have not suffered prejudice. **See** Plaintiffs' Brief at 29. Rule 126 declares, in relevant part: "[t]he court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantive rights of the parties." Pa.R.C.P. 126(a); **see also Womer v. Hilliker**, 908 A.2d 269, 276 (Pa. 2006) ("while we look for full compliance with the terms of our rules, we provide a limited exception under Rule 126 to those who commit a misstep when attempting to do what any particular rule requires"). Rule 126's doctrine of "substantial compliance" operates to "excuse[] a party who commits a procedural misstep in attempting to do that which a rule instructs," where the procedural defect "does not prejudice a party's rights." **Womer**, 908 A.2d at 276-278.

Rule 126's doctrine of substantial compliance does not apply here, as the plain language of Rule 1033 simply does not allow a writ of summons to be amended. Therefore, this is not a case where Plaintiffs "commit[ted] a procedural misstep in attempting to do that which [Rule 1033] instructs." **See id.** Rather, since Rule 1033 does not permit an amendment to a writ of summons, Plaintiffs are simply asking that this Court rewrite Rule 1033 and allow their novel, non-textual, and unauthorized procedure to become law. Rule 126 does not permit this type of non-compliance. **See Womer**, 908 A.2d at 278 ("Rule 126 is available to a party who makes a substantial attempt to conform, **and not to a party who disregards the terms of a rule in their entirety and determines for himself the steps he can take to satisfy the procedure that we have adopted to enhance the functioning of the trial courts**") (emphasis added).

- 17 -

conclusion ends the matter, we note that our Supreme Court may have had very good reason to exclude writs of summons from the amendment procedures authorized in Rule 1033, as application of Rule 1033 to writs of summons would be unjust. Our Commonwealth Court has explained:

> in contrast to a complaint, a writ of summons is not a pleading that requires [a party] to set forth a cause of action. . . . Pa.R.C.P. 1351 only requires a writ of summons to include the county in which the action is brought, a caption, a short statement that the appellant has commenced an action against the stated party, a dated signature line for the prothonotary or clerk, and the seal of the court. . . . [A] bare writ of summons does not contain information about the nature of the claims asserted; the applicable dates; or a description of any alleged wrongful acts.

*Lichtman v. Glazer*, 111 A.3d 1225, 1228 (Pa. Cmwlth. 2015) (footnotes and quotation marks omitted).

As the above explanation demonstrates, the Supreme Court may very well have concluded that it would be unjust if Rule 1033's liberal amendment procedures and its relation-back provision applied to writs of summons, given the relative paucity of information provided by the writ. *See* Pa.R.C.P. 126(a) ("[t]he rules [of civil procedure] **shall be liberally applied to secure the just**, speedy, and inexpensive determination of every action or proceeding to which they are applicable") (emphasis added). Regardless, the plain language

of Rule 1033 does not allow an amendment to a writ of summons and the trial court erred in so concluding.[9] We thus vacate the trial court's order.

_____

[9] Within the trial court's opinion, the trial court explained that it relied on the note to Pennsylvania Rule of Civil Procedure 401(b)(2), when it allowed Plaintiffs to amend the writ of summons. Rule 401(b)(2) declares: "A writ may be reissued or a complaint reinstated at any time and any number of times. **A new party defendant may be named in a reissued writ or a reinstated complaint only if the writ or complaint has not been served on any defendant**." Pa.R.C.P. 401(b)(2) (emphasis added). The trial court and the parties agree that Rule 401(b)(2), itself, does not allow the requested amendment to the writ in this case, as the amendment named a new party defendant and the writ had already been served on Appellant PNC Financial. *See* Trial Court Opinion, 1/12/24, at 7-8; Appellants' Brief at 31; Plaintiffs' Brief at 31 (noting that Rule 401(b)(2) is "irrelevant" to the case at bar).

Nevertheless, the trial court declared that the note to Rule 401(b)(2) permitted its action in this case. In relevant part, the note to Rule 401(b)(2) states: "If a new party defendant cannot be added pursuant to this rule, other procedures are available. *See* Rule 229 to discontinue the action and to start a new action; **Rule 1033 to amend the caption of a pleading by agreement of the party or by leave of court**; and Rule 2232 to seek leave of court for an order joining a defendant." Pa.R.C.P. 401(b)(2) Note (emphasis added). According to the trial court:

> Once a defendant has been served, [as is the case here,] the Note in Rule 401(b)(2) provides the plaintiff with alternate procedures to amend their writ of summons. One of the methods referenced in the Note to Rule 401(b)(2) authorizes the use of Rule 1033 to amend a writ of summons after a defendant has been served, seeking court approval, and which [Plaintiffs] employed when [they] presented [the trial court] with [their] motion to amend.

Trial Court Opinion, 1/12/24, at 7-8.

We respectfully disagree with the trial court and conclude that the note to Rule 401(b)(2) provides no support for its action. As we explained above, the plain language of Rule 1033 solely concerns amendments to pleadings – and a writ of summons is not a pleading. Further, the note to Rule 401(b)(2) emphasizes
*(Footnote Continued Next Page)*

- 19 -

Order vacated.  Case remanded.  Jurisdiction relinquished.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 3/10/2025

---

this point by declaring that Rule 1033 is available "to amend the caption of a **pleading**."  Pa.R.C.P. 401(b)(2) (emphasis added).